UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILIP SCOTT CANNON, MATHIAS
CANNON, AND PHILIP SCOTT
CANNON, on behalf of his minor child, QC,　　　　Civil No. 10-224-HA

　　　　Plaintiffs,　　　　　　　　　　　　　　　OPINION AND ORDER

　　　　v.

POLK COUNTY DISTRICT ATTORNEY,
POLK COUNTY/POLK COUNTY SHERIFF,
CITY OF DALLAS/DALLAS POLICE
DEPARTMENT, JOHN FISHER, MICHAEL
CONRADY, BURNETTE KRAUGER, RICHARD
KLOCKO, GORDON RUTTER, KERRY
TAYLOR, GREGORY NYHUS, CALVIN P.
BIRCH, MICHAEL OJA, JOHN WALLACE,
MICHAEL HOLSAPPLE, PAUL BOX, SUSAN
GERBER, RAY STEELE, BOB WOLFE, CHAD
WOODS, SENA RICHICHI AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
KENNETH A. MORROW,

　　　　Defendants.

HAGGERTY, District Judge:

1- OPINION AND ORDER

Plaintiffs Philip Scott Cannon and his children, Mathias Cannon and "QC," initiated this action against defendants for several alleged constitutional violations and state law torts that may have contributed to Philip Scott Cannon's conviction in 2000. Defendants John Fisher, Polk County District Attorney, Michael Conrady, Richard Klocko, Gordon Rutter, Kerry Taylor, Gregory Nyhus, Michael Oja, and Susan Gerber ("State defendants")[1] move to dismiss [30] plaintiffs' claims for relief pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). State defendants acknowledge that they did not fully comply with this court's Local Rule 7.1 before filing their motion. Based upon the parties' subsequent cooperation regarding extensions in this matter, the court will excuse this lapse. Counsel are admonished to confer on all further motions.

Defendants Richard B. Morrow and Kenneth A. Morrow ("Morrow defendants") move to dismiss [33] plaintiffs' Fourteenth Claim for Relief pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Defendant Sena Richichi, as personal representative for the Estate of Kenneth A. Morrow, joined this motion to dismiss [68].

## BACKGROUND

On November 25, 1998, plaintiff Philip Scott Cannon (Cannon) was arrested and charged with three aggravated murders in Polk County, Oregon. Defendant Michael Oja interrogated Cannon, and defendant Kerry Taylor served as one of the lead detectives. Cannon pled not guilty to all charges.

---

[1] Based on the record, it appears that defendant Calvin Birch has not appeared in this matter. The State defendants incorporated Birch into their reply brief, but failed to include him as a party in their original motion to dismiss. *See* State Defs.' Reply at 11. The court will include Birch as a party to the Motion to Dismiss [30].

Cannon's criminal trial commenced on January 24, 2000 and continued through February 25, 2000. Cannon was found guilty by jury verdict on February 28, 2000. Kenneth A. Morrow, now deceased, was one of Cannon's defense attorneys for his trial. Defendant John Fisher, as Polk County District Attorney, and defendant Gregory Nyhus, as Oregon Assistant Attorney General, were prosecutors at the trial. Defendants Michael Conrady, Richard Klocko, Gordon Rutter, and Calvin Birch appeared as expert witnesses.

Cannon appealed his conviction to the Oregon Court of Appeals. The Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Cannon then sought post-conviction relief in the Marion County Circuit Court. Defendant Susan Gerber represented the State's interests through the post-conviction proceedings.

Cannon's Petition for Post-Conviction Relief was ultimately granted on September 2, 2009. On December 18, 2009, the Polk County Circuit Court dismissed all charges without prejudice and entered a judgment vacating Cannon's sentence. During the pendency of his appeals, Cannon was incarcerated from November 24, 1998 until December 18, 2009.

Cannon now asserts claims against the State defendants for malicious prosecution, abuse of process, negligence, false imprisonment, and constitutional violations under 42 U.S.C. § 1983. Cannon also alleges legal negligence against the Estate of Kenneth A. Morrow. Plaintiffs Mathias Cannon and QC, Cannon's children, allege infringement of their "associational rights" with their father.

## **DISCUSSION**

At the outset, the court notes that plaintiffs amended their Complaint on June 16, 2010, substituting Sena Richichi for Richard Morrow as the proper personal representative for Kenneth

A. Morrow's estate. The attorney for the Morrow defendants, Paul Silver, accepted service on behalf of Sena Richichi on June 17, 2010. In light of the amendment and subsequent service, the Morrow defendants' arguments regarding the dismissal of Richard Morrow have been rendered moot. Plaintiffs concede lack of personal jurisdiction over Kenneth A. Morrow and amended their Complaint to omit him as a named defendant. This aspect of the Morrow defendants' Motion to Dismiss is therefore denied as moot.

Similarly, plaintiffs' First Amended Complaint and the clarification of their claim in subsequent briefing also mooted the Morrow defendants' arguments regarding the professional negligence action brought against the Estate of Kenneth A. Morrow by Mathias Cannon and QC. The parties' remaining arguments will be addressed in turn.

**A.     Motion to Dismiss Standards**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

1. **Statute of Ultimate Repose**

Pursuant to state law, "[i]n no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of." ORS § 12.115(1); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that for claims arising under 42 U.S.C. § 1983, the court must apply the statutes of limitations and repose of the state where the cause of action arose); *Simonsen v. Ford Motor Co.*, 102 P.3d 710, 719-20 (Or. Ct. App. 2004) (noting that neither insanity nor minority tolls the statute of ultimate repose). The statute begins to run at the time of the alleged initial negligent act or omission, and not upon the discovery or commencement of any harm to the plaintiff. *Cereghino v. Boeing Co.*, 826 F. Supp. 1243, 1248 (D. Or. 1993).

In their Complaint, plaintiffs allege that the State defendants committed several negligent acts or omissions that contributed to Cannon's original conviction. Although the exact dates of those acts or omissions is unclear, the court is certain that the alleged conduct must have occurred prior to the date that the case was submitted to the jury, February 25, 2000.

The ten-year statute of repose began to run on the date of the initial negligent act or omission, and cannot be tolled based on the plaintiffs' argument that the resulting damage did not occur until the date of the jury's verdict. *See Cerghino*, 826 F. Supp. at 1248 (noting that the date of the resulting damage is irrelevant for calculating the ten-year period). Because all the acts alleged by plaintiffs against the investigators, original prosecutors, and expert witnesses had to occur before February 25, 2000, the ten-year limit for filing a claim against these defendants expired, at the latest, on February 25, 2010. *See* 1st Am. Compl. at ¶¶ 47, 52, 70, 75, 80.

Plaintiffs Complaint was filed on February 26, 2010, so plaintiffs' Third, Fourth, Sixth, Seventh, Eighth, and Thirteenth Claims for Relief must be dismissed. Additionally, plaintiffs' claims against John Fisher, Gregory Nyhus, Michael Conrady, Richard Klocko, Gordon Rutter, Kerry Taylor, Calvin Birch, and Michael Oja must be dismissed.

Although the court has already determined that many of plaintiffs' claims must be dismissed based on the expiration of the ten-year period of repose, I will analyze the additional bases for dismissing several aspects of plaintiffs' Complaint.

### 2. Absolute Immunity

Plaintiffs allege that the relevant State defendants, while acting within the course and scope of their employment:

- initiated criminal proceedings with an improper motive and without probable cause;

- prosecuted with the ulterior purpose of convicting Cannon without lawful and sufficient evidence;

- deprived Cannon of his constitutional rights;

- failed to investigate exculpatory evidence;

- failed to timely provide discovery;

- were aware that evidence presented at trial was invalid or unsupported;

- failed to properly maintain evidence;

- failed to adequately investigate suspects and witnesses;

- mishandled evidence; and

- delayed the prosecution of Cannon's post-conviction case.

1st Am. Compl. at ¶¶ 38-67, 78-107.

State defendants assert that to the extent they were acting in their authority as prosecutors or expert witnesses, they are entitled to absolute immunity. If defendants are found immune from suit, either through absolute or qualified immunity, then no discovery is permitted and the case must be dismissed. *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963-64 (9th Cir. 2004).

Prosecutors are absolutely immune from liability for malicious prosecution when acting within the scope of their employment. *Heusel v. Multnomah Cnty. Dist. Attorney's Office*, 989 P.2d 465, 467 (Or. Ct. App. 1999). Prosecutors are immune from liability for their decisions to prosecute, their presentation of the State's case, and all other quasi-judicial functions, including filing motions for arrest warrants, the evaluation of witnesses, the evaluation of evidence, and even using false testimony at trial. *Hartman v. Moore*, 547 U.S. 250, 262 (2006) (decision to prosecute); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (initiating and presenting State's case); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (listing quasi-judicial functions). Prosecutors and state attorneys also are protected by immunity in post-conviction proceedings. *Cousins v. Lockyer*, 568 F.3d 1063, 1068-69 (9th Cir. 2009).

Prosecutorial immunity extends only to conduct fairly within the prosecutor's function as an advocate. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (citation omitted). If the prosecutor's actions were administrative or investigatory, such as those duties usually performed by a detective or police officer, then an analysis under qualified immunity principles is more appropriate. *Id.* at 273.

Witnesses are also entitled to absolute immunity for statements made in the course of a judicial proceeding. *Ramstead v. Morgan*, 347 P.2d 594, 596 (Or. 1959). The Supreme Court

has held that a defendant cannot assert a 42 U.S.C. § 1983 claim against a witness for giving perjured testimony at his or her criminal trial. *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983). Witness immunity also protects witnesses from liability for alleged conspiracies to commit perjury. *Cunningham v. Gates*, 229 F.3d 1271, 1291 (9th Cir. 2000). This immunity, however, does not extend to "non-testimonial acts such as fabricating or suppressing physical or documentary evidence or suppressing the identities of potential witnesses." *Paine v. City of Lompoc*, 265 F.3d 975, 983 (9th Cir. 2001).

Based on the facts alleged, plaintiffs' claims against John Fisher, Gregory Nyhus, and Susan Gerber focus on their adjudicative roles as prosecutors in each stage of Cannon's conviction. Plaintiffs' specific allegations against these defendants include: destroying evidence, submitting Cannon's clothing for testing, submitting bullets for testing, knowing certain testimony was scientifically flawed and would have a substantial impact on jury, agreeing to a plea agreement with one of the witnesses, and attempting to force Cannon to waive his rights to obtain damages. 1st Am. Compl. at ¶¶ 9, 25, 30-32, 36.

This court finds that plaintiffs' claims against the prosecuting defendants relate to their actions during the preparation and presentation of Cannon's criminal trial, and the subsequent defense of the conviction. The claims against John Fisher, Gregory Nyhus, and Susan Gerber must be dismissed. *See Van de Kamp v. Goldstein*, _ U.S. _, 129 S. Ct. 855, 864-65 (2009) (holding that absolute immunity requires dismissal of claims against prosecutors sued under 42 U.S.C. § 1983).

Regarding State defendants who served as witnesses in Cannon's trial, plaintiffs allege that the expert witnesses violated Cannon's due process rights by:

- failing to use scientifically-accepted bullet analysis;

- failing to conduct bullet analysis in facilities with adequate control and supervision;

- providing inaccurate testimony;

- employing unacceptable firearm and toolmark identification methodology;

- failing to properly document work; and

- failing to obtain adequate peer review of their work.

1st Am. Compl. at ¶¶ 68-77.

To the extent that plaintiffs' claims focus on witness testimony at trial, absolute immunity applies. Accordingly, defendant Birch is dismissed. The court finds that plaintiffs have pled some non-testimonial acts by the other witness defendants, however, these claims are precluded by the statute of repose.

### 3. Eleventh Amendment

State defendants assert that the Polk County District Attorney (Polk DA) is sued in a state agency capacity[2] and is therefore entitled to Eleventh Amendment immunity.

The Eleventh Amendment prohibits "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A state may waive its Eleventh Amendment immunity,

---

[2] State defendants believe that plaintiffs sued the agency and not the officer as an individual because John Fisher, the Polk County District Attorney at the time, was also named as a defendant. State Defs.' Reply at 15.

9- OPINION AND ORDER

but its consent must be express. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). One such explicit waiver is provided by 42 U.S.C. § 1983, which permits a plaintiff to sue a state official who was acting under the color of state law in his or her individual capacity. *Hafer v. Melo*, 502 U.S. 21, 30 (1991).

Plaintiffs' Complaint defines Polk DA as "elected by the citizens of Polk County, Oregon," and alleges that "Polk DA . . . employed individuals and agents who acted in the course and scope of their employment." 1st Am. Compl. at ¶ 38. The Complaint is, at the very least, ambiguous regarding whether plaintiffs are asserting claims against the Polk DA as a state agency or as an individual. Without further specificity, the court must examine the course of proceedings to determine the nature of liability sought to be imposed. *Stoner v. Santa Clara Cnty Office of Educ.*, 502 F.3d 1116, 1123 (9th Cir. 2007) (citation omitted). Based on the claims raised by plaintiffs, and plaintiffs' decision to name John Fisher in his individual capacity, the court construes the claims against Polk DA to be against the state agency itself or the individual in his official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that suits against a state official in his or her official capacity should be treated as a suit against the State itself). Accordingly, plaintiffs' First, Second, and Fourth Claims for Relief against the Polk DA are dismissed.

### 4. Oregon Tort Claims Act notice

State defendants assert that plaintiffs' First, Second, Fourth, Thirteenth, and Fifteenth Claims for Relief are state law tort claims against "a public body or an officer, employee or agent of a public body," and are therefore subject to the Oregon Tort Claims Act (OTCA). ORS § 30.275(1). Under Section 30.275, a plaintiff must give notice of claims within 180 days after the

alleged loss or injury, or must commence the action within 180 days after the alleged loss or injury. ORS § 30.275(2)(b) & (3)(c). The "discovery rule" applies to the OTCA's notice requirement, such that the 180-day period does not begin until "a plaintiff knows, or in the exercise of reasonable care should know, that he or she has been injured and that there is a substantial possibility that the injury was caused by an identified person's tortious conduct." *Johnson v. Multnomah Cnty. Dep't of Cmty. Justice*, 178 P.3d 210, 213-14 (Or. 2008). Failure to comply with the notice requirement requires dismissal of the action. *Brinkley v. Or. Health Scis. Univ.*, 766 P.2d 1045, 1049 (Or. Ct. App. 1988).

State defendants assert that plaintiffs failed to give any tort notice beyond the filing of their initial Complaint. They argue that the effective date of plaintiffs' tort notice should be construed as the effective date of plaintiffs' service on the agency. State defendants assert, and plaintiffs do not dispute, that the date of the alleged injury is the day that Cannon's post-conviction relief was granted, September 2, 2009. If so, then 180 days from the alleged injury is March 2, 2010. All State defendants were served on March 4 or March 5, 2010.

On July 8, 2010, State defendants filed a Notice of Supplemental Authority [75] to alert the court to the dismissal of plaintiffs' parallel state court action. By letter opinion dated July 1, 2010, Judge Pamela Abernathy of the Marion County Circuit Court concluded that plaintiffs failed to provide timely OTCA notice of their claims for malicious prosecution, abuse of process, negligence, and false imprisonment. The court stated:

> The date the conviction was set aside is the date of injury. 180 days from September 2, 2009 is March 1, 2010. The Complaint was filed on February 26, 2010. No formal OTCA notice was sent separate from the Complaint. The Complaint was not served on the State until March 4 and 5, 2010.

11- OPINION AND ORDER

> The state argues that notice was not given within the time allowed under the Oregon Tort Claims Act. The court agrees with the state. Actual notice was not given until March 4, more than 180 days after the date of the injury. Unfortunately for plaintiff, the courts have drawn a bright line in interpreting the notice requirement: Notice must actually be received within the time period in order to be timely.

Sprague Aff. [76] at Ex. 6 (citations and internal quotation omitted).

I am compelled to agree with the state court's interpretation.[3] State defendants were not given notice of plaintiffs' claims within the 180 days required by statute. Accordingly, plaintiffs' First, Second, Fourth, Thirteenth, and Fifteenth Claims for Relief against the State defendants are dismissed for failure to comply with the notice requirements of the OTCA. Plaintiffs' arguments regarding *Baker v. City of Lakeside*, 164 P.3d 259 (Or. 2007), have been considered, and are rejected as inapplicable to the facts at issue.

### 5. Claim against the Estate of Kenneth A. Morrow

A professional negligence claim accrues upon discovery of the causal link between the attorney's negligent conduct and the client's harm. *Stevens v. Bispham*, 851 P.2d 556, 559 (Or. 1993). To show harm, the client in a criminal case must be exonerated through reversal in direct appeal or post-conviction proceedings. *Id.* at 566. The complaint is timely if it is brought within two years from the date that the client's conviction was set aside and he or she was released from custody. *Id.*

Cannon was released on December 18, 2009. Plaintiffs filed their action on February 26, 2010 (within two years). However, the ten-year statute of repose is also applicable to legal negligence cases. As addressed above, it is triggered by the date of the alleged legal error, not

---

[3] By my calculation, 180 days from September 2, 2009 is March 2, 2010, not March 1, 2010. Nevertheless, because service did not occur until March 4 or 5, 2010, plaintiffs failed to provide notice to the State defendants within the 180 day period.

12- OPINION AND ORDER

the date of discovery. *Davis v. Somers*, 915 P.2d 1047, 1049-50 (Or. Ct. App. 1996) (holding that the date for calculating the period of repose was the date the attorney drafted the will, not the date the testator died and the plaintiff discovered the error).

Plaintiffs allege in their Fourteenth Claim for Relief that Kenneth A. Morrow was negligent in his representation of Cannon by:

> [F]ailing to research the correct methodologies for bullet lead analysis, failure to competently cross-examine Conrady, Klocko, and Rutter, failure to investigate known exculpatory witnesses, failure to object to the improper introduction of evidence in rebuttal closing argument, failure to call exculpatory witnesses at trial, and failure to confirm witnesses attendance at trial.

1st Am. Compl. at 49, ¶ 111.

The Morrow defendants contend that all of Kenneth A. Morrow's allegedly negligent acts or omissions pled in plaintiffs' Complaint occurred during Cannon's trial, which ended on February 25, 2000. Plaintiffs respond that the triggering date should be February 28, 2000, the date of the jury verdict.

Although plaintiffs argue that the day of the jury verdict is the date of their injury, plaintiffs failed to plead any facts establishing that Kenneth A. Morrow's alleged negligence occurred after the date the case was submitted to the jury. Plaintiffs explain that if given leave to amend their Complaint, they would plead facts showing that Kenneth A. Morrow filed an Objection to Closing Arguments on February 28, 2000. Pls.' Resp. at 3.

This court notes that plaintiffs were allowed to amend their Complaint after they filed their responsive briefing. Upon review of the resulting Amended Complaint, the court finds that plaintiffs have failed to include any facts alleging that Kenneth A. Morrow acted negligently

after February 25, 2000. Plaintiffs' claims against the Estate of Kenneth A. Morrow are therefore barred.

**CONCLUSION**

State defendants' Motion to Dismiss [30] is granted. Defendants Polk DA, John Fisher, Gregory Nyhus, Susan Gerber, Michael Conrady, Richard Klocko, Gordon Rutter, Kerry Taylor, Calvin Birch, and Michael Oja are dismissed.

Morrow defendants' Motion to Dismiss [33] is granted. The Estate of Kenneth A. Morrow is dismissed. Defendant Sena Richichi's Motion for Joinder [68] to the Morrow motion is granted.

IT IS SO ORDERED.

DATED this  20   day of October, 2010.

     /s/ Ancer L. Haggerty     
Ancer L. Haggerty
United States District Judge