UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILIP SCOTT CANNON, MATHIAS
CANNON, AND PHILIP SCOTT
CANNON, on behalf of his minor child, QC,

       Plaintiffs,

       v.

POLK COUNTY/POLK COUNTY SHERIFF,
CITY OF DALLAS/DALLAS POLICE
DEPARTMENT, BURNETTE KRAUGER,
JOHN WALLACE, MICHAEL HOLSAPPLE,
PAUL BOX, RAY STEELE, BOB WOLFE,
and CHAD WOODS,

       Defendants.

Civil No. 10-224-HA

OPINION AND ORDER

HAGGERTY, District Judge:

       Plaintiff Philip Scott Cannon (Cannon) was convicted of aggravated murder in 2000. Nine years later, his conviction was vacated. Cannon, along with his children, Mathias Cannon and "QC," brought constitutional claims and state law tort claims against defendants arising from Cannon's conviction.

1- OPINION AND ORDER

On October 20, 2010, this court dismissed plaintiffs' claims against several defendants based on timeliness issues, immunity, and a lack of proper notice under the Oregon Tort Claims Act (OTCA). *See* Opinion and Order (Order). The remaining defendants conducted discovery and now seek summary judgment on all claims on the same grounds. For the following reasons, defendants' Motion for Summary Judgment [85] is GRANTED.

**STANDARDS**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824-25 (2011).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Once the moving party meets its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine dispute for trial. *Id.* at 248-49. All reasonable doubt as to the existence of a genuine factual dispute should be resolved against the moving party. *MetroPCS, Inc. v. City & County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted).

**BACKGROUND**

The following facts are taken from the parties' undisputed statements of fact and exhibits, and are viewed in a light most favorable to plaintiffs, the non-moving parties.

2- OPINION AND ORDER

On November 25, 1998, Cannon was arrested and charged with three counts of aggravated murder and one count of being a felon in possession of a firearm in Polk County, Oregon. Cannon pled not guilty to all charges. He has maintained his innocence since his arrest.

Cannon's criminal trial began on January 24, 2000, and continued through February 25, 2000. At that time, defendants Ray Steele and Bob Wolfe both worked as Sheriffs of Polk County. Defendants Burnette Krauger, Chad Woods, Michael Holsapple, and Paul Box were deputies with the Polk County Sheriff's Office who worked on the murder investigations and testified at Cannon's trial. Defendant John Wallace was an officer with the Dallas Police Department who investigated the murders and also testified at the trial.

The case was submitted to the jury on February 25, 2000. Three days later, on February 28, 2000, the jury returned guilty verdicts on all counts. Cannon was sentenced on March 16, 2000.

Cannon sought direct appeal of his convictions, and then sought post-conviction relief. Over nine years later, pursuant to a Stipulated Agreement between Cannon and the State of Oregon, the Marion County Circuit Court entered a Judgment granting post-conviction relief for Cannon. On September 2, 2009, the court vacated Cannon's convictions and ordered a new trial. On December 18, 2009, the State of Oregon moved to dismiss all charges without prejudice. The court granted the motion, and Cannon was released from custody that day.

Plaintiff was incarcerated from November 24, 1998 until September 3, 2009 in the Oregon State Prison. Plaintiff was then transported from Oregon State Prison to Polk County Jail, where he was incarcerated from September 3, 2009 until December 18, 2009.

Plaintiffs filed this lawsuit on February 26, 2010, alleging malicious prosecution, abuse of process, negligence, false imprisonment, and federal constitutional violations under 42 U.S.C. § 1983. Defendants received service of the Summons and Complaint in this case, at the earliest, on March 4, 2010.

## DISCUSSION

Defendants seek summary judgment on all remaining claims in plaintiffs' First Amended Complaint. Defendants' motion is based primarily on the statute of ultimate repose and lack of notice pursuant to Oregon Revised Statute (ORS) section 30.275. Defendants also assert that plaintiffs' false imprisonment claim must fail as a matter of law. These arguments are addressed in turn.

### 1. Statute of Ultimate Repose

Plaintiffs' Fourth Claim for Relief alleges negligence by defendants Polk County/Polk County Sheriff (Polk County) and the City of Dallas/Dallas Police Department (Dallas). Plaintiffs allege that Polk County and Dallas breached their investigatory duties and their duty to obtain and preserve evidence discovered in Cannon's case. First Am. Compl. at ¶¶ 55-56. Plaintiffs contend that the alleged breaches caused Cannon to be convicted and incarcerated. *Id.* Plaintiffs' negligence claims are subject to Oregon's ten-year statute of ultimate repose. ORS § 12.115(1).

Plaintiffs' Fifth, Tenth, Eleventh, and Twelfth Claims for Relief assert claims against the individual defendants pursuant to 42 U.S.C. § 1983. Plaintiffs allege that the individual defendants violated Cannon's Fourth Amendment and Due Process rights by losing, altering, destroying, or failing to document evidence; failing to investigate or supervise; and withholding

discovery.  First Am. Compl. at ¶¶ 60, 65.  Plaintiffs' section 1983 claims are also subject to Oregon's statute of ultimate repose.  ORS § 12.115(1); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that section 1983 claims should borrow the repose periods from the state law governing basic personal injury claims).

The statute of repose period begins to run at the moment that the initial alleged negligent act or omission occurs.  *Cereghino v. Boeing Co.*, 826 F. Supp. 1243, 1248 (D. Or. 1993).  The ten-year limitation applies regardless of when the negligent act is discovered, or when the injury to the plaintiff results.  *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 986 P.2d 536, 542 (Or. 1999).  A statute of ultimate repose is a rigid deadline that cannot be extended or tolled.  *Simonsen v. Ford Motor Co.*, 102 P.3d 710, 719-20 (Or. Ct. App. 2004).

In the prior Order in this case, this court determined that plaintiffs' negligence and constitutional claims arose from conduct that occurred before or during Cannon's trial.  I concluded that the ten-year repose period began running, at the latest, on February 25, 2000, when Cannon's case was submitted to the jury.

Plaintiffs raise arguments regarding the calculation of the statute of repose that are similar to those considered and rejected in that Order.  Plaintiffs contend that they would not have incurred any damages if Cannon had been acquitted, so the ten-year repose period should begin on the date of the jury verdict.  Pls.' Resp. at 4.  However, the repose period is unaffected by "the occurrence of the resulting damage."  *Cereghino*, 826 F. Supp. at 1248 (citation omitted).  The allegedly negligent conduct had already occurred, even if plaintiffs did not discover their injury or suffer damages until the verdict was returned.

5- OPINION AND ORDER

This court concludes that the allegedly negligent acts or omissions committed by defendants occurred before Cannon's case was submitted to the jury on February 25, 2000. Accordingly, the ten-year limit for filing these claims expired on February 25, 2010. Plaintiff's Fourth, Fifth, Tenth, Eleventh, and Twelfth Claims for Relief must be dismissed with prejudice.

### 2. Remaining Claims against Polk County and Dallas

Plaintiffs' First, Second, and Fifteenth Claims for Relief constitute state law torts that are subject to the OTCA. ORS § 30.275(1). Pursuant to the OTCA, plaintiffs were required to give actual notice, formal notice, or notice by commencing the action, within 180 days after the alleged injury. ORS § 30.275(2)-(6).

The parties do not dispute that the date of the alleged injury for plaintiffs' remaining claims is September 2, 2009, the date that Cannon's post-conviction relief was granted. The parties also agree that the notice period expired on March 1, 2010, and that the earliest service received by any defendants was March 4, 2010. Because notice must actually be received within the period to be timely, *Tyree v. Tyree*, 840 P.2d 1378, 1380 (Or. Ct. App. 1992), service of plaintiffs' Complaint did not comply with the OTCA.

Plaintiffs assert that Polk County and Dallas had actual knowledge of this lawsuit before the OTCA notice period expired. After examining the record, including the supplemental briefing submitted by the parties, this court finds that no genuine factual dispute exists regarding whether defendants received timely OTCA notice of this lawsuit.

Pursuant to the OTCA, actual notice is "any communication by which any individual [who is authorized to receive notice under the statute] acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a

reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." ORS § 30.275(6). The notice must warn the public body of the plaintiff's intent to bring a claim, but need not specify the exact claim. *Flug v. Univ. of Or.*, 73 P.3d 917, 924 (Or. 2003). The plaintiff bears the burden of proving that proper notice was given. ORS § 30.275(7).

Actual notice must be received by the specific persons designated in the statute. *Plumeau v. School Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 437 (9th Cir. 1997). Actual notice may be given to: (1) a local public body at its principal administrative office; (2) any member of the governing body of the public body; (3) an attorney designated by the governing body as its general counsel; (4) or any "person who, acting within the scope of the person's responsibility, as an officer, employee or agent of a public body" engages in the investigation, negotiation, adjustments or defense of OTCA claims, furnishes or accepts forms for claimants to provide claim information, or supervises any of those activities. ORS § 30.275(5)-(6).

Plaintiffs assert that media coverage following Cannon's release from prison should constitute actual notice in this case. Plaintiffs refer to an article published in the Salem Statesman Journal on February 27, 2010, "various televised and written news reports," and Cannon's statements to the media as sources of notice that plaintiffs intended to file this lawsuit.

Plaintiffs have presented no evidence regarding the contents of these sources. Instead, plaintiffs submit an article from the Oregonian dated March 3, 2010, after the notice period expired. Lafky Decl. at Ex. 1. Plaintiffs rely on a quote in that article from Polk County's counsel: "We have reviewed the complaint, . . . and do not believe that the claims for relief provide any basis for recovery." *Id.* The article omits mention of Dallas.

7- OPINION AND ORDER

Plaintiffs' contention that the media coverage surrounding his release from prison must have notified defendants of their intent to file suit is insufficient to constitute actual notice. Plaintiffs' reliance upon two articles in newspapers that are not local to defendants is unpersuasive. LeGore Decl. at 2 (attesting that the Polk County Itemizer-Observer is the local newspaper for Polk County and Dallas). Even assuming that defendants read the news articles, plaintiffs present no evidence establishing that the persons entitled to notice read the articles before the notice period expired.

Plaintiffs failed to present any evidence showing that any of the persons identified in the statute received notice through the media. Plaintiffs allege only that each of the defendants "knew of the time, place, and circumstances" giving rise to plaintiffs' claims, and "[i]t is difficult to imagine that all or some of Defendants did not have actual notice" of plaintiffs' intent to file this lawsuit or the actual filing of the lawsuit. Pl.'s Supp. Br. at 6. Polk County's counsel's statement that he reviewed the Complaint in this matter on March 3, 2010 does not, even when construed in a light most favorable to plaintiffs, establish that Polk County may have had actual notice of the filing of the lawsuit before the notice period expired.

Plaintiffs also contend that Susan Gerber, the Assistant Attorney General representing the State of Oregon in Cannon's post-conviction relief case, had actual notice based on her alleged attempts to obtain a waiver from Cannon regarding his right to sue. Plaintiffs fail to persuade this court that a defendant's conduct giving rise to the underlying lawsuit can constitute actual notice under the OTCA. Assuming without deciding that such conduct is adequate to provide notice to Gerber, such notice is insufficient in this case because Gerber is an employee or agent of the State of Oregon, not of Polk County or Dallas.

8- OPINION AND ORDER

Defendants' discovery production fails to create a factual dispute in this matter. In their interrogatories, plaintiffs asked defendants to identify any documents relating to defendants' actual or constructive knowledge of plaintiffs' intent to file or actual filing of their federal or state lawsuit on or before February 27, 2010. Lafky Decl. at Ex. 2. Defendants responded that they knew of "no documents indicating they had knowledge of plaintiffs' intent to file any lawsuit [or actual notice of the filing of any lawsuit] against them before the date specified in plaintiffs' Interrogatory (February 27, 2010)." Lafky Decl. [107] at Ex. 2. Construing defendants' response in the light most favorable to plaintiffs, some defendants may have known about this lawsuit before the notice period expired, but lacked documentation of this fact. However, plaintiffs nevertheless fail to establish that one of the designated persons in the OTCA received actual notice of the filing of this lawsuit. Accordingly, summary judgment must be granted as to plaintiffs' First, Second, and Fifteenth Claims for Relief.

Alternatively, plaintiffs contend that the alleged injury giving rise to Cannon's false imprisonment claim occurred on September 2, 2009, and continued until December 18, 2009, the date that Cannon was released from prison. Specifically, plaintiffs assert that Polk County falsely imprisoned Cannon from September 1, 2009 through December 18, 2009. First Am. Compl. at ¶ 114. Plaintiffs' claim presumably alleges that his confinement became unlawful once the parties stipulated to the entry of a judgment vacating Cannon's conviction. Plaintiffs therefore allege a continuing tort and that proper notice occurred regarding plaintiffs' false imprisonment claim against Polk County. Even if this were so, such a claim fails as a matter of law.

9- OPINION AND ORDER

To establish a claim for false imprisonment, the defendant must: (1) confine the plaintiff; (2) the defendant must intend the act that causes the confinement; (3) the plaintiff must be aware of the confinement; and (4) the confinement must be unlawful. *Stone v. Finnerty*, 50 P.3d 1179, 1185 (Or. Ct. App. 2002). For a confinement to be unlawful, the plaintiff must be detained without legal process. *Wallace*, 549 U.S. at 389; *Beers v. Jeson Enters.*, 998 P.2d 716, 728 n.4 (Or. Ct. App. 2000). A false imprisonment claim ends once the plaintiff receives legal process, such as when he or she is bound over by a magistrate or arraigned on charges. *Wallace*, 549 U.S. at 389.

Although Cannon's conviction was vacated on September 2, 2009, aggravated murder charges against him remained pending until the court dismissed those charges without prejudice on December 18, 2009. *See* Lafky Decl. at Ex. 3. In the Stipulated Agreement, Cannon agreed with the State of Oregon that he was entitled to a new trial, not an immediate release from prison. Lafky Decl. at Ex. 5; LeGore Decl. at Ex. 2. After the Judgment was entered, a hearing was immediately scheduled for the next day. Lafky Decl. at Ex. 3. At the hearing, counsel was appointed for Cannon, and a second pretrial hearing was scheduled. *Id.*

Cannon's new trial was scheduled for December 8, 2009. *Id.* Cannon's counsel filed several pretrial motions, including a motion for a continuance, and requested a status hearing for December 8, 2009. *Id.* At the status hearing, Cannon withdrew his motions and requested a bail hearing, which was set for January 5, 2010. *Id.*

On December 18, 2009, the State of Oregon moved to dismiss all four counts without prejudice. *Id.* The judgment of dismissal was signed that day, and Cannon was immediately released from custody. *Id.* This record demonstrates that Cannon was not held without legal

10- OPINION AND ORDER

process between September 1, 2009 and December 18, 2009. Plaintiffs' Fifteenth Claim for Relief alleging false imprisonment fails as a matter of law.

## **CONCLUSION**

For the reasons provided, defendants' Motion for Summary Judgment [85] is GRANTED. Plaintiffs' First, Second, Fourth, Fifth, Tenth, Eleventh, Twelfth, and Fifteenth Claims for Relief are dismissed with prejudice. Any other pending motions are denied as moot, and this action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19th day of July, 2011.

                                                  /s/ Ancer L. Haggerty
                                                         Ancer L. Haggerty
                                                 United States District Judge