UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILIP SCOTT CANNON, MATHIAS
CANNON, AND PHILIP SCOTT
CANNON, on behalf of his minor child, QC,   Civil No. 3:10-CV-00224-HA

       Plaintiffs,   OPINION AND ORDER

v.

POLK COUNTY/POLK COUNTY SHERIFF,
*et al.*,

       Defendants.

HAGGERTY, District Judge:

Defendants have issued a subpoena duces tecum [136] to Mark Geiger, counsel for plaintiff Phillip Scott Cannon (Cannon) during his post-conviction relief action, and Eric Mason, the investigator for Mark Geiger during the post-conviction relief action. Plaintiffs now advance a Motion to Quash [134], arguing that the subpoenas seek information protected by the attorney-client privilege and the work product privilege. Plaintiffs also request that this court issue a protective order to prevent defendants from deposing Geiger and Mason. Oral argument was deemed unnecessary for resolution of this motion. For the following reasons, plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

1- OPINION AND ORDER

## BACKGROUND

On November 25, 1998, Cannon was arrested and charged with three counts of aggravated murder and one count of being a felon in possession of a firearm in Polk County, Oregon. At times relevant to plaintiffs' complaint, defendants Ray Steele and Bob Wolfe worked as the Sheriff of Polk County. Defendants Burnette Krauger, Chad Woods, Michael Holsapple, and Paul Box were deputies with the Polk County Sheriff's Office who worked on the murder investigations and testified at Cannon's trial. Defendant John Wallace was an officer with the Dallas Police Department who also investigated the murders and testified at the trial. On February 28, 2000, the jury returned guilty verdicts on all counts. Cannon was sentenced on March 16, 2000. Cannon appealed his conviction to the Oregon Court of Appeals. The Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

On January 12, 2004, Cannon filed a Petition for Post-Conviction Relief. In preparation for filing the Petition for Post-Conviction Relief, Mark Geiger, Cannon's attorney, coordinated with Susan Gerber, the Oregon Assistant Attorney General (AAG) assigned to the post-conviction case, to view the trial exhibits used by the Polk County District Attorney's Office to convict Cannon. On September 2, 2009, the court granted Cannon's Petition for Post-Conviction Relief and ordered a new trial in the Polk County Circuit Court. At that time, the state's trial exhibits could not be found and were presumed destroyed by the Polk County Sheriff's Office. On December 18, 2009, the Polk County Circuit Court dismissed all charges without prejudice and entered a judgment vacating Cannon's sentence.

On October 7, 2011, staff at the Department of Justice Trial Division discovered several boxes containing the majority of the state's trial exhibits thought to have been destroyed. The boxes were found in a file cabinet outside of the office of AAG Gerber.

Plaintiffs initiated this action against defendants for several alleged constitutional violations and state law torts that may have lead to Cannon's conviction. Plaintiffs' fifth claim against defendants Krauger, Box, Holsapple, Steele, Woods, Wolfe, Wallace, and Taylor is a 42 U.S.C. § 1983 claim for Fourth and Fourteenth Amendment violations based on the following allegations: loss and/or destruction of evidence; failure to investigate exculpatory evidence; withholding discovery from defense counsel; altering evidence; cross-contamination of evidence; failure to properly collect, document, store, photograph, videotape, and memorialize evidence; failure to properly investigate information presented to Polk Sheriff, Dallas Police Department, and Oregon State Police; failure to adequately take witness statements; and failure to adequately supervise other Polk County Sheriff's deputies. Complaint ¶¶ 58-67.

On March 6, 2013, the Polk County and Dallas defendants issued a subpoena duces tecum to Mark Geiger, requesting production of the following:

1. Your entire file for Marion County Circuit Court case *Cannon v. Belleque*, Case No. 04C10127, including all photographs, investigation materials, all work product and attorney notes and communications with your client concerning the trial evidence in the underlying criminal prosecution in Polk County; and,

2. All other documents relating to Phillip Scott Cannon that relate to any issue in the present lawsuit, including all documents related to *State v. Cannon*, Polk County Circuit Court No. 98P3424;

3- OPINION AND ORDER

136 Attach. 1, Ex. 1. Defendants also issued a subpoena to Eric Mason, Geiger's investigator during Cannon's post-conviction relief action, requesting production of the following:

1. Your entire file for Marion County Circuit Court case *Cannon v. Belleque*, Case No. 04C10127, including all photographs and investigation materials and work performed during the pendency of that lawsuit; and

2. Any other investigation work, including photographs, relating in any way to Scott Phillip Cannon [sic];

136 Attach. 1, Ex. 2.

On April 1, 2013, plaintiffs filed a Motion to Quash the subpoena duces tecum and a Motion for a Protective Order [134] to prevent the depositions of Geiger and Mason.

## DISCUSSION

### A. Motion to Quash

In their Motion to Quash, plaintiffs assert that the documents requested by defendants' subpoenas are protected by the attorney-client privilege and the work product privilege. Plaintiffs argue that these privileges have not been waived. Defendants' response asserts two substantive reasons that this court should allow the requested discovery. First, defendants argue that the attorney-client privilege and the work product privilege have been waived. Second, defendants argue that much of the requested information is not privileged.[1]

///

---

[1] In defendants' Response to Plaintiffs' Motion to Quash [141], they also assert that this court should allow the requested discovery because the defendants need the information and it is not otherwise available. This issue is intertwined with any discussion of implied waiver; therefore, this court will address defendants' need for the requested material as the court addresses implied waiver.

4- OPINION AND ORDER

1.  **Waiver**

The attorney client privilege can be waived through waiver or implied waiver. In the present case, defendants do not allege that Cannon has expressly waived the attorney-client privilege; therefore, this court focuses on implied waiver. Implied waiver occurs when a party asserts a claim that "the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331, F.3d 715, 719 (9th Cir. 2003). The Ninth Circuit uses a three-pronged test to determine whether an implied waiver has been effected. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). First, "the court considers whether the party is asserting the 'privilege as a result of some affirmative act, such as filing suit.'" *Id.* (quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)) (citations omitted). Second, the court considers "whether 'through this affirmative act, the asserting party puts the privileged information at issue.'" *Id.* (citations omitted). Third, "the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense." *Id.* (citation and quotation omitted).[2]

As to the first prong of the test, plaintiff has asserted the attorney-client privilege and work product privilege as a result of some affirmative act - specifically, the filing of the present lawsuit. Therefore, the first prong of the implied waiver test is satisfied for each of defendants' requests.

---

[2] While this court outlines and addresses the test for implied waiver of the attorney-client privilege only, the test applies equally to the work product privilege. *Bittaker*, 331 F.3d at 722 n.6.

5- OPINION AND ORDER

In regard to the second and third prongs of the implied waiver test, defendants argue that by alleging that defendants withheld critical and relevant information from Cannon, Cannon has placed privileged information at issue and therefore waived the privilege. *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* claims fail if the criminal defendant or his attorney either knew, or should have known of the withheld facts. *See United States v. Shaffer*, 789 F.2d 682, 690 (9th Cir. 1986) (citation omitted); *United States v. Bond*, 552 F.3d 1092, 1096 n.4 (9th Cir. 2009) (explaining that if the means of obtaining the exculpatory evidence has been provided to the defense, a claim of withholding facts fails) (citing *United States v. Dupuy*, 760 F.2d 1492, 1502 n.5 (9th Cir. 1985)). Therefore, plaintiffs' *Brady* claim can be defeated by establishing that Cannon or his trial counsel, Kenneth Marrow, knew the relevant information despite it being withheld. It is also possible that defendants can reduce plaintiffs' damages award by establishing that Cannon's post-conviction relief counsel, Geiger, knew of the withheld information long before Cannon's eventual petition and release. By alleging a *Brady* claim, plaintiffs have placed the extent of Cannon's and his counsels' knowledge of information withheld during the initial criminal trial at issue. Accordingly, the second prong of the test is satisfied. Furthermore, information regarding the knowledge of Cannon and his counsel is necessary for defending against plaintiffs' *Brady* claim. Because such privileged information is vital to defendants' defense, the third prong of the test is also satisfied.

It must be noted that this implied waiver is not categorical. *Bittaker*, 331 F.3d at 720. Courts have narrowed the scope of implied waiver in several ways. First, the waiver must be tailored closely to the needs of the opposing party in litigating the claim in question. *Id.* In other words, the privilege is waived only for information necessary for defendants to prepare their

6- OPINION AND ORDER

defense. *See Amlani*, 169 F.3d at 1196 (holding that "only those documents or portions of documents relating to the [claim asserted by the client] [should be] disclosed"). Therefore, Cannon has waived his privilege only for that material that reflects Cannon's and Marrow's knowledge of facts withheld by defendants in *State v. Cannon*, Polk County Circuit Court No. 98P3424 and material that reflects Geiger's knowledge of facts withheld by defendants during *State v. Cannon*, Polk County Circuit Court No. 98P3424. Second, plaintiffs may preserve the confidentiality of the privileged communications by choosing to abandon the claim that implicates them. *Bittaker*, 331 F.3d at 721.

### 2. Unprivileged Material

Defendants argue that much of the material sought by their request is not privileged. To serve as examples, defendants list communications between Geiger and Gerber, communications between Mason and Gerber, interviews with witnesses, and pleadings. Defendants are correct in asserting that such information is not privileged. In the present case, this court recognizes no basis to quash a subpoena that requests information that is not privileged.

### DOCUMENT PRODUCTION AND DEPOSITIONS

Based on the reasoning above, this court divides the material requested by defendants' subpoenas into three categories. The first category constitutes privileged material that is irrelevant to Cannon's or his counsels' knowledge of facts withheld during the proceedings of *State v. Cannon*, Polk County Circuit Court No. 98P3424. With respect to material that falls within this first category, Cannon has not waived any privilege, and plaintiffs' Motion to Quash [134] is GRANTED. The second category constitutes privileged material that is relevant to

Cannon's or his counsels' knowledge of facts withheld during the proceedings *State v. Cannon*, Polk County Circuit Court No. 98P3424. With respect to material that falls within this second category, plaintiffs have waived the attorney client privilege and the work product privilege, and plaintiffs' Motion to Quash [134] is DENIED. If Mark Geiger and Eric Mason are unable to determine which material is relevant to Cannon's and his counsels' knowledge of withheld facts, the materials in question may be submitted to this court for *in camera* review. The third category constitutes material that is not privileged. With respect to material that falls within this third category, plaintiffs' Motion to Quash [134] is DENIED.

Should defendants request the deposition of Mark Geiger and Eric Mason, those depositions shall be conducted only in accordance with the guidelines established for the production of documents, above.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Quash and Motion for a Protective Order [134] are GRANTED IN PART and DENIED IN PART. Defendants shall bear the costs of production.

IT IS SO ORDERED.

Dated this 30 day of April, 2013.

_____
ANCER L. HAGGERTY
United States District Judge