IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PHILIP SCOTT CANNON; MATHIAS CANNON; and PHILIP SCOTT CANNON, on behalf of his minor child, Q.C.;<br><br>Plaintiffs,<br><br>v.<br><br>POLK COUNTY/POLK COUNTY SHERIFF, CITY OF DALLAS/DALLAS POLICE DEPARTMENT, BURNETTE KRAUGER, KERRY TAYLOR, MICHAEL OJA, JOHN WALLACE, MICHAEL HOLSAPPLE, PAUL BOX, RAY STEELE, BOB WOLFE, and CHAD WOODS,<br><br>Defendants. | 3:10-cv-00224-BR<br><br>OPINION AND ORDER |

KEVIN T. LAFKY
R. GRANT COOK
Lafky & Lafky
429 Court Street, N.E.
Salem, Oregon 97301
(503) 585-2450

   Attorneys for Plaintiffs

1 - OPINION AND ORDER

**ROBERT S. WAGNER**
**STAN LEGORE**
Miller & Wagner, LLP
2210 N.W. Flanders Street
Portland, Oregon 97210
(503) 299-6116

>Attorneys for Defendants Polk County/Polk County Sheriff, City of Dallas/Dallas Police Department, Burnette Krauger, John Wallace, Michael Holsapple, Paul Box, Ray Steele, Bob Wolfe, and Chad Woods

**ELLEN F. ROSENBLUM**
Attorney General
**ANDREW D. CAMPBELL**
**DIRK L. PIERSON**
Assistant Attorneys General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

>Attorneys for Defendants Kerry Taylor and Michael Oja

**BROWN, Judge.**

This matter comes before the Court on the Bill (#247) of Costs filed by Defendants Polk County/Polk County Sheriff, City of Dallas/Dallas Police Department, Burnette Krauger, John Wallace, Michael Holsapple, Ray Steele, Bon Wolfe, and Chad Woods (collectively the Polk County Defendants) in which they seek an award of costs for docket fees, deposition fees, witness fees, and copying costs in the amount of $4,804.82. For the following reasons, the Court **DENIES** the Polk County Defendants' Bill of Costs.

2 - OPINION AND ORDER

## **STANDARDS**

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part:  "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)  Docket fees under section 1923 of this title;
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

See also *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 741 F.3d 955, 957 (9th Cir. 2013).

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court

directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing part must show why costs should not be allowed."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).  "A district court must 'specify reasons' for its refusal to award costs."  *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000)(quoting *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).  Appropriate reasons to deny costs to a prevailing party include the losing party's limited financial resources, misconduct by the prevailing party, the chilling effect of imposing high costs on future civil-rights litigants, and the complexity and closeness of the issues.  *See Ass'n of Mexican-American Educators*, 231 F.3d at 591-93.  *See also Save Our Valley*, 335 F.3d at 945.

## **DISCUSSION**

Plaintiffs object to the Polk County Defendants' Cost Bill

4 - OPINION AND ORDER

on the grounds that it would be unjust to make the indigent Plaintiffs bear the Polk County Defendants' costs or, in the alternative, certain costs sought by the Polk County Defendants' are not taxable.  Plaintiffs contend it would be unjust to award costs to the Polk County Defendants because Plaintiffs do not have the financial means to pay such costs.  In his Declaration (#253) Phillip Scott Cannon (Cannon) states that none of the Plaintiffs have steady employment or reliable income and that Cannon has less than $100 total.

The Polk County Defendants argue, in turn, that an award of costs is appropriate because Plaintiffs' indigence is a result of a conscious choice to work on this case rather than to work for wages; Plaintiffs' claims were frivolous; and, in any event, the costs requested are properly taxable.[1]  The Polk County Defendants submit a heavily redacted deposition transcript in which Cannon testified he spent much of his time on this action, and, therefore, he did not have time to work.[2]

As noted, the Court may deny a prevailing party an award of costs because of the losing party's limited resources, misconduct

---

[1] The Polk County Defendants concede that $60.00 of the requested costs are not taxable because they were incurred for counsel's convenience.

[2] The transcript is redacted so heavily that the Court cannot examine the context in which Cannon made these statements. This version of the transcript, therefore, is of little value in resolving this issue.

5 - OPINION AND ORDER

by the prevailing party, a potential chilling effect on future civil-rights litigants, and the complexity and closeness of the issues. *See Ass'n of Mexican-American Educators*, 231 F.3d at 591-93.

On this record the Court concludes as follows:

Plaintiffs have carried their burden to show that an award of costs would be an unreasonable burden in light of Plaintiffs' limited financial resources. The Polk County Defendants do not dispute Plaintiffs are indigent. In light of the uncontradicted evidence in the record that demonstrates none of the Plaintiffs have stable employment and that Cannon only has approximately $100 between two bank accounts, it is clear that even a small award of costs to the Polk County Defendants would impose a significant burden on Plaintiffs.

Although the Polk County Defendants were entitled to summary judgment on each of Plaintiffs' claims, many of Plaintiffs' claims were not frivolous and this was not a frivolous lawsuit. In fact, this case arises from a situation in which Cannon's conviction on three counts of aggravated murder was vacated because the conviction was based, in part, on unreliable scientific evidence.

Finally, even a small award of costs would have a chilling effect on future indigent civil-rights litigants. If indigent plaintiffs bringing nonfrivolous, but ultimately unsuccessful,

6 - OPINION AND ORDER

civil-rights claims are forced to bear the prevailing party's costs, future indigent civil-rights litigants would face the threat of financial ruin if their claims were ultimately unsuccessful.

On this record, therefore, the Court concludes Plaintiffs have overcome the presumption in favor of awarding costs to the prevailing party and demonstrated that an award of costs to the Polk County Defendants would be unjust under these circumstances.

## CONCLUSION

For these reasons the Court, in the exercise of its discretion, **DENIES** the Polk County Defendants' Bill (#247) of Costs.

IT IS SO ORDERED.

DATED this 9th day of March, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER